UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Beaver Keith Gamble, | ) C/A No. 4:14-199-RBH-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Bank of America, NA; | ) |
| Parthenia Gamble, and | ) |
| State of Florida, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This is a civil action filed by a pro se litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under

28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, Plaintiff's pro se Complaint is subject to summary dismissal.

## BACKGROUND

The Complaint submitted by Beaver Keith Gamble ("Plaintiff"), a resident of Salters, South Carolina contains minimal allegations. He partially completed and submitted his Complaint on a "Pro Se Non-Prisoner Complaint Form." Compl., ECF No. 1. Plaintiff names Bank of America, N.A.; Parthenia Gamble; and States [sic] of Florida as Defendants. *Id.* at 2. Plaintiff states his claim as follows: "Seek Court order for D.N.A., breach of contract[,] pain[] and suffering, back pay, etc.[,] Title VII (ADA) Act." *Id.* He also lists several civil case numbers and references an EEOC [presumably a reference to the U.S. Equal Employment Opportunity Commission] action, although he provides no explanation for why he lists them. *Id.* at 3. Plaintiff then indicates that he "need[s] a court order to fine them by the court." *Id.* Plaintiff seeks the following relief:

2

>   back pay, retirement, home recovery, and all property med [sic], surgery paid by the
>   Defendant for lifetime of family. DNA testing, ben[e]fit from Pinellas County risk
>   management, and interest lost[,] etc. Federal Rule of Civil Procedure TITLE VI.
>   Rule 38 Right to a Jury Trial: Demand Speedy Trail [sic].

Compl. 5, ECF No. 1.

Plaintiff also submits 13 additional pages, including a two-page "Motion for Title VII (ADA) Act Law Suit, 42 USC Title 1981, 42 USC Title 1983[,] 42 USC Title 1988, and Federal Rule of Civil Procedure Title V. Disclosures and Discovery." Attach. 1-2, ECF No. 1-1. The caption of that "Motion" lists Bank of America N.A. as the only Defendant. In the "Motion," Plaintiff seems to aver that Defendant Bank of America was aware of an appeal that changed a final order and that he was "wrongfully jail[ed] two time[s]." Attach. 1, ECF No. 1-1. Without discussion, Plaintiff also lists partial citations to cases and a statute, as well as the word "Retaliation." *Id.* Plaintiff ends the "Motion" by requesting discovery for an EEOC file and a civil case. *Id.* He further seeks filing fees, court costs, "pain and suffering," and seeks to have his case "combine[d]" with a case in the Court of Appeals for the Eleventh Circuit. *Id.* Attached to the "Motion" are various documents including a partially completed "Exhibit and Witness List" form, *id.* at 3; copies of various pleadings and orders in various Florida state court cases, *id.* at 4-6, 8-13; and a copy of a "Complaint/Arrest Affidavit" from "Circuit/County Court" in Pinellas County, Florida, *id.* at 7.

Because the court is required to conduct an initial, pre-service review of pro se-filed complaints to determine their legal sufficiency, the facts included in the Report are liberally construed and include liberal construction of and reasonable inferences from the pleadings, including some documents Plaintiff included as attachments to the Complaint. Compl., ECF No. 1; Attachments ("Attach."), ECF No. 1-1. *See Jeffrey M. Brown Assocs., Inc. v. Rockville Ctr. Inc.*, 7 F. App'x 197, 202-03 (4th Cir. 2001) (exhibits are considered part of the pleading for purposes

of motion to dismiss consideration); *Braswell v. Haywood Reg'l Med. Ctr.*, 352 F. Supp. 2d 639, 642 (W.D.N.C. 2005) (same).

Based on the available information, it appears that on November 25, 2013, the State of Florida cited Plaintiff for trespass to real property when he went onto property in Pinellas County, Florida that was the subject of a January 30, 2012 foreclosure sale/judgment. The purchaser of the foreclosed property was Defendant Bank of America. *See* Attach. 7 (Compl./Arrest Aff.), ECF No. 1-1 at 7.[1] Documents Plaintiff provided suggest he may have pleaded guilty to the trespass charges, but may now seek to change that plea and have Bank of America pay court costs and fees. Attach. 5-6, ECF No. 1-1 at 5-6. Documents provided also indicate a civil matter Bank of America brought against Plaintiff in Pinellas County, Florida is "at issue" and was set for a nonjury trial on January 29, 2014 in St. Petersburg, Florida. Attach. 9, ECF No. 1-1 at 9.

## DISCUSSION

The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

---

[1] Based on other portions of Plaintiff's submissions, he seems to be of the opinion that the foreclosure judgment/sale is not final and is being reviewed.

4

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 U.S. at 678 (citations omitted) (quoting *Twombly*, 550 U.S. at 555-57, 570 and citing to *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). While the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). It is true that we are bound to liberally construe Plaintiff's pro se Complaint, but Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). It is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for pro se litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278; *Gordon v. Leeke*, 574 F.2d at 1151.

Plaintiff's claims rely on conclusory, threadbare allegations of the sort that will not suffice

5

to state a claim for relief under *Iqbal*. Plaintiff generally cites to several federal statutes, including "Title VII (ADA)" [presumably the Americans with Disabilities Act]; 42 U.S.C. §§ 1981, 1983, and 1988. *See* Attach. 1, ECF No. 1-1 at 1. However, Plaintiff has provided no factual allegations that would support any plausible claims against any Defendant under those statutes. Nowhere has he alleged any actions by any Defendant that would implicate 42 U.S.C. §§ 1981, 1983, and 1988. Plaintiff includes no allegations of "state action" or "racial discrimination" by any of the Defendants that could support any plausible claims under those statutes. *See, e.g.*, *Luger v. Edmundston Oil Co.*, 457 U.S. 922, 936 (1982) (state action required for § 1983); *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 69 (6th Cir. 1985) (§ 1981; allegations of racial discrimination required); *Davis v. Huggins*, 896 F. Supp. 561, 571 (E.D. Va. 1995) (§ 1988 attorneys fees only available were some relief is granted under a civil rights claim). Additionally, although Plaintiff generally references the EEOC and purports to sue under "Title VII (ADA)," nowhere does he allege that any Defendant was or is his employer for purposes of any purported Title VII ADA claim.

Within the body of his Complaint, Plaintiff lists case numbers for five different cases but he does not clearly indicate the court or courts where those cases are pending. Compl. 3, ECF No. 1. In addition to including documents from some Florida state-court cases, Plaintiff also references a case in the Eleventh Circuit Court of Appeals ("case no. 13-14568-F"), and asks that this case be "combine[d]" with that case. *Id.*[2]

After closely reviewing Plaintiff's Complaint and its attachments, accessing available

---

[2]Review of the electronic docket of that case discloses that it involves an action involving Plaintiff's objections to an I.R.S. penalty imposed because of his 2011 tax payment or non-payment. It is unclear if or how that case might be related to this case.

electronic dockets of other courts, and liberally construing Plaintiff's claims thereby, the undersigned finds Plaintiff's Complaint is too confusing and vague to satisfy Federal Rule of Civil Procedure 8, as interpreted by *Iqbal* and *Twombly*. The court cannot discern the type of claim or claims Plaintiff is trying to assert against any of the named Defendants. Even if Plaintiff had stated some plausible federal claim or claims, the court is unable to determine whether it could exercise personal jurisdiction over any Defendant.

Furthermore, to the extent Plaintiff's Complaint could be liberally construed to seek this court's review of the proceedings and outcomes in cases from other courts in Florida to which he cryptically refers, no such claims could proceed here. Plaintiff's potential claims arising from his participation in litigation in other courts are subject to summary dismissal under the *Rooker-Feldman* Doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).[3] This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See*, *e.g.*, *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davina v. Va. Dep't of Transp.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991). Because the *Rooker-Feldman* Doctrine is jurisdictional, the court may raise it sua sponte. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d

---

[3] Appeals of orders issued by lower state courts must go to a higher state court in the same state. For more than two hundred years Congress has provided that only *the Supreme Court of the United States* may review a decision of a state's highest court. *See* 28 U.S.C. § 1257(such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *see Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997).

7

311, 316 (4th Cir. 2003). According to the Fourth Circuit, "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davina,* 434 F.3d at 713.

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the South Carolina state courts or the courts of other states, including Florida. The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as Plaintiff might be attempting to raise in this case. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) ("[It is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *Haggard v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984) (collecting cases); *Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989).

Although, as previously stated, Plaintiff's claims are exceedingly vague and conclusory, it appears that he was an unsuccessful litigant who now wishes to overturn the Florida courts' decisions. To permit such a claim to go forward and to rule in favor of Plaintiff on his purported claims would, necessarily, require this court to overrule (or otherwise find invalid) various orders and rulings made in the Florida courts. Such a result is prohibited under the *Rooker-Feldman* Doctrine, thus requiring summary dismissal of Plaintiff's Complaint without authorization of service on any Defendant. *Davani*, 434 F.3d at 719-20; *see Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94; *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 201 (4th Cir. 1997).

Finally, to the extent Plaintiff's Complaint could be considered to raise state-law claims,

those claims should not proceed. Plaintiff apparently now resides in South Carolina; however, he does not indicate what, if any, contacts any of the three named Defendants have to South Carolina in connection with his Complaint. Although there appears to be diversity of parties because Plaintiff lists his address in South Carolina and the other Defendants are allegedly in Florida, Compl. 2, ECF No. 1, Plaintiff does not state any specific dollar amount of damages or other relief he seeks. Also, despite a brief reference to a "breach of contract" of the beginning of his "Statement of Claim," *id.*, Plaintiff has provided no factual allegations concerning any specific contractual agreement between or among Plaintiff and any of the named Defendants.

Plaintiff's bare-bones pleading and general references to statutes and to proceedings in other courts should not be permitted to proceed. The undersigned recommends summary dismissal without service of process.

## **MOTION TO DISMISS**

Defendant Bank of America, through counsel, submitted a Motion to Dismiss the Complaint in this case. ECF No. 12. The Motion was apparently filed out of an abundance of caution because Plaintiff improperly provided a copy of the Complaint and a Waiver of Service Form to Bank authorities without awaiting the court's required initial review of the Complaint. A pro se plaintiff must await an official court order authorizing service before any proposed waiver of service document may be provided to any defendant listed in the complaint submitted to the court. *See* General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007).

As a result, the Waiver of Service that was filed by Defendant Bank of America, ECF No. 8, is invalid and of no effect because it is recommended that process will not be formally issued

9

in this case. Thus, because there is no valid Waiver of Service under Federal Rule of Civil Procedure 4(d) on the docket and because, unless later directed by the court, the Complaint will not be formally served on Defendant, the Motion to Dismiss was filed prematurely and should not be addressed at this stage of the proceedings.

## **RECOMMENDATION**

Accordingly, it is recommended that the court dismiss the Complaint in this case *without prejudice* and direct that the Clerk of Court terminate as premature the pending Motion to Dismiss, ECF No. 12. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

February 24, 2014                                                                    Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).