IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Beaver K. Gamble, | ) | Civil Action No.: 4:14-cv-00199-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bank of America, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Beaver K. Gamble, proceeding *pro se*, filed this action in January 2014 against Defendant Bank of America, N.A. Compl., ECF No. 1. This matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[1] The Magistrate Judge issued her R&R on February 24, 2014, R&R, ECF No. 24, and Plaintiff filed timely objections to the R&R, Pl.'s Objs., ECF Nos. 27. Defendant, in turn, filed a timely reply to Plaintiff's objections. Def.'s Reply, ECF No. 30.[2] In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff's complaint *without prejudice* and without service of process for failure to state a claim and for lack of jurisdiction.[3]

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2). The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints . . . [do] not require . . . courts to conjure up questions never squarely presented to them.").

[2] Plaintiff filed a motion to strike Defendant's reply to his objections. See ECF No. 31. He provides no relevant basis for striking Defendant's reply. Accordingly, Plaintiff's motion to strike is summarily denied.

[3] Even though service had not been authorized, Defendant accepted service and filed a motion to dismiss the case. ECF No. 12. The Magistrate Judge recommends denying the motion as premature, and Defendant does not object. As there is no clear error in the recommendation, Defendant's motion is denied.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends dismissing Plaintiff's complaint because he fails to allege claims that would support this Court's jurisdiction.[4] Specifically, the Magistrate Judge reports (1) that Plaintiff's complaint "is too confusing and vague to satisfy Federal Rule of Civil Procedure 8, as interpreted by" the United States Supreme Court; (2) that, "[e]ven if Plaintiff had stated some plausible federal claim or claims, the [C]ourt is unable to determine whether it could exercise personal jurisdiction over any Defendant"; (3) that, to the extent Plaintiff seeks the review

---

[4] Because the allegations are adequately stated in the Magistrate Judge's R&R, which the Court adopts, the Court need not elaborate on them further.

2

of the judgments of state courts, the Court is barred from doing so under the *Rooker-Feldman*[5] doctrine; and (4) that, to the extent Plaintiff alleges state law claims, he does not allege a sufficient amount in controversy.

The Court has reviewed Plaintiff's objections. Plaintiff's objections to not point the Court to any specific error committed by the Magistrate Judge in recommending the dismissal of this action. The Court may only consider objections to the R&R that direct it to a specific error in the Magistrate Judge's R&R. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199. However, after reviewing Plaintiff's complaint in light of the objections and exhibits submitted by Plaintiff, the Court cannot find a claim alleged that would support its subject matter jurisdiction. The Court is mindful that it must liberally construe Plaintiff's complaint, but it is unaware, based on the facts alleged, of a claim upon which relief can be granted. In short, allowing this action to proceed past § 1915(e)(2) screening would require this Court "to conjure up questions never squarely presented to it" in the complaint. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Magistrate Judge's well-reasoned recommendation to dismiss Plaintiff's complaint *without prejudice* is thus without error.

---

[5] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

#### CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the R&R of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Plaintiff Beaver K. Gamble's motion to strike Defendant Bank of America, N.A.'s reply to his objections (ECF No. 31) is **DENIED**; that Defendants Motion to Dismiss (ECF No. 12) is **DENIED**; and that Plaintiff's complaint be **DISMISSED** *without prejudice* and without issuance and service of process. All pending motions are deemed **MOOT**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

June 2, 2014
Florence, South Carolina